IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 1 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-01086-BNB

DANNY N. LUCERO,

    Plaintiff,

v.

CATHY HOLTS, Colorado D.O.C. Central Office A. Zavaras,
NURSING COMMITTEE NAMES REFUSED, Colorado D.O.C. Medical Central Office,
D.O.C. DIRECTOR A. ZAVARAS,
CTCF WARDEN ABBOTT,
CTCF MEDICAL DEPT. SANDY HARRIS,
SCF WARDEN R. SOARS,
SCF MEDICAL DEPT. REFUSED NAMES, and
DRDC MEDICAL DEPT. DR. FISHER,

    Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Danny N. Lucero, is a prisoner in the custody of the Colorado Department of Corrections at the Colorado Territorial Correctional Facility at Cañon City, Colorado. Mr. Lucero initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights have been violated. On June 20, 2007, the court ordered Mr. Lucero to file an amended complaint that clarifies who he is suing and how the Defendants personally participated in the asserted constitutional violations. On July 23, 2007, Mr. Lucero filed an amended complaint.

The court must construe the amended complaint liberally because Mr. Lucero is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the

*pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Lucero will be ordered to file a second amended complaint.

The court has reviewed Mr. Lucero's amended complaint and finds that it is deficient. Although Mr. Lucero apparently has substituted three individuals for some of the improper entities originally named as Defendants in this action, it still is not clear who he intends to sue with respect to the Defendants he identifies as "Nursing Committee Names Refused" in the Colorado D.O.C. Medical Central Office and "SCF Medical Dept. Refused Names." Once again, Mr. Lucero is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Therefore, Mr. Lucero should name as Defendants the persons he believes actually violated his constitutional rights. If Mr. Lucero does not know the names of some of the Defendants he intends to sue, he may use fictitious names such as John or Jane Doe. However, Mr. Lucero still must identify with particularity who any fictitious Defendants are by listing their title or some other descriptive information. For example, if Mr. Lucero did not know the name of the executive director of the Colorado Department of Corrections, he could identify that Defendant as "John Doe, Executive Director of the Colorado Department of Corrections."

In addition, Mr. Lucero still fails to allege facts to demonstrate that each named Defendant personally participated in the asserted constitutional violations. As Mr. Lucero previously was advised, personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). A Defendant may not be held liable on a theory of respondeat superior. *See Pembaur v.*

*City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). In order for Mr. Lucero to state a claim for relief, his second amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, — F.3d —, 2007 WL 1895877 at *3 (10th Cir. July 3, 2007).

For these reasons, Mr. Lucero will be directed to file a second amended complaint. Mr. Lucero is warned that this is his final opportunity to file a pleading that clearly identifies who he is suing in this action and how each named Defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Lucero file **within thirty (30) days from the date of this order** a second amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Lucero, together with a copy of this order, two copies of the following forms: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Lucero fails within the time allowed to file a second amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED August 1, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01086-BNB

Danny N. Lucero
Prisoner No. 125518
CTCF
PO Box 1010
Cañon City, CO 81215- 1010

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on  8/1/07

GREGORY C. LANGHAM, CLERK

By: _____
   Deputy Clerk